STATE of Arkansas *v.* Roy A. STONE

CR 83-56                                                    655 S.W.2d 448

Supreme Court of Arkansas
Opinion delivered July 18, 1983

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellant.

*R. Theodor Stricker,* for appellee.

GEORGE ROSE SMITH, Justice. In this prosecution for four forgeries the trial judge sustained the defendant's motion to suppress a confession as having been involuntary.

The State has appealed from that interlocutory order, as it is permitted to do by Criminal Procedure Rule 36.10 as amended by our per curiam order of February 14, 1983.

When the defendant, Roy A. Stone, age 22, was arrested, he retained Theodor Stricker as his attorney. After conferring with his client, who was in custody, Stricker gave Deputy Sheriff Drake permission to take handwriting samples from Stone, but both Stricker and Stone told Sergeant Drake that no statements were to be taken. Stricker then left for lunch. The trial judge found from the stipulated facts and from defense counsel's uncontradicted trial brief "that Mr. Stricker was assured that no statement would be taken; and that Mr. Stricker was assured that he would be called 'if anything came up.'"

Shortly after Stricker had left, Sergeant Drake went to obtain the handwriting samples from Stone. On the way upstairs from his cell Stone told Drake that he had been thinking and thought he ought to talk to Drake. Drake reminded Stone that he just wanted handwriting samples and that Stone's attorney had advised him not to make statements. Stone said he knew that but still thought he ought to talk to Drake. A taped statement was then taken, with Stone again being reminded of his attorney's advice and again expressing his wish to make a statement. No effort appears to have been made by Sergeant Drake to call Stricker.

The State argues that the confession was admissible, despite Stone's original refusal to make a statement, because Stone initiated his further conversation with Sergeant Drake. *Edwards* v. *Arizona,* 451 U.S. 477 (1981); *Coble* v. *State,* 274 Ark. 134, 624 S.W.2d 421 (1981), cert. denied 456 U.S. 1008 (1982). In *Coble,* however, we said: "The admissibility of statements obtained after a person in custody has decided to remain silent depends, under [*Miranda* v. *Arizona,* 384 U.S. 436 (1966)], on whether his right to cut off questioning was scrupulously honored." Here it cannot be said that Sergeant Drake scrupulously honored Stone's rights, for Drake failed to call Stone's attorney after he had assured the attorney that he would be called if anything

came up. To uphold the admissibility of the confession in these circumstances might enable the police to obtain confessions by first assuring counsel that no statement would be taken without further notice and then disregarding that assurance. When we consider the totality of the circumstances, as is our practice, we cannot say that the trial judge was clearly wrong in suppressing the confession.

Affirmed, with the effect specified in Rule 36.10 (d).